FRANK A. PHILLIPS v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 20, 1905.

Nos. 14,104—(117).

**Negligence of Fellow Servant.**

It became necessary for a locomotive engineer attached to an ore train to move the same. He received a proper signal to back, but was required to pull forward before the backward movement could be effected. In the performance of this duty a brakeman on the rear end of the train, one thousand feet distant from the engineer, was thrown to the ground, and suffered injuries for which he recovered a verdict. *Held*, under the facts, that the inference that an alleged violent jar to such plaintiff was from the engineer's negligent operation of his engine was not warranted, and that the claim upon the evidence that this servant failed to exercise proper care was at best a matter of conjecture and surmise, which could not establish his misconduct.

Appeal by defendant from an order of the district court for Ramsey county, Olin B. Lewis, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $1,000. Reversed and judgment ordered for defendant.

[1] Reported in 102 N. W. 378.

*W. R. Begg, J. A. Murphy,* and *Heber McHugh,* for appellant.
*Samuel A. Anderson,* for respondent.

LOVELY, J.

This action was brought to recover for injuries sustained by a railroad brakeman through the alleged negligence of his fellow servant, the engineer, in the movement of his engine and a train of cars. There was a verdict for plaintiff, a motion for judgment or a new trial, which was denied. This appeal is from that order.

Plaintiff was a rear brakeman on an ore train in the yards near the Letonia mine at Hibbing, when it became necessary for him to stand on the rear car of the train, and to give a signal to back the engine and train in order to make a coupling with two disconnected cars on the track. The signal to back was properly given and properly transmitted to the engineer, but it is claimed that the latter, in applying his steam, moved and operated his locomotive so negligently that plaintiff was, by the unusual and unnecessary jar occasioned thereby, thrown to the ground and injured. The distinctive claim made in the complaint is that while a freight train was properly on the track, and the signal to back was given to the engineer by the plaintiff standing thereon, that the latter prepared himself for a backward movement to prevent being thrown from the train; that the engineer failed to obey the signals to back the train, but, without signals from any source, improperly and negligently started the train ahead, of which plaintiff had no notice, and that solely by reason of the forward instead of the backward movement the brakeman was hurled from the top of the train to the ground and received the injuries complained of.

It conclusively appeared at the trial from the evidence that the train was composed of forty loaded ore cars, the tops of which were twelve feet above the track; that they were coupled together, and attached to the engine, by the operation of which, under the management of the engineer, the movements of the train had to be made when necessary. The night was dark; signals were to be given with lanterns. A proper signal was given by the plaintiff from his place on the rear car for the backward movement. This could not be seen by the engineer, who was on his engine one thousand feet ahead of

the brakeman. . The view of any signals from the rear being obstructed by a curve, they had to be transmitted through other employees, which was properly done. The engineer, in attempting to back the train, found it impossible by reason. of the fact that there was no slack between the cars in the train, they being closely bunched. The engineer, finding that he could not move the train backward, started it ahead to take out the slack, in order to obtain the proper momentum to obey the order to back. The plaintiff, immediately on giving the signal, according to his own admissions prepared himself for a backward movement, evidently without taking into consideration the probability, which concededly should have been obvious, that the engineer would have to move his engine ahead and take out the slack between the cars in order to back. The forward movement by the engineer was made, he not only took out about twenty-two feet of slack between the cars, but continued to move forward to some extent, causing what plaintiff describes as a violent jar, throwing him from the car on which he was standing. He struck upon his feet on the ground. His ankle was seriously sprained, though he received no other injuries.

The trial court accepted the view, based upon the testimony of the plaintiff, that the latter knew that it might be necessary, if the cars were bunched as in this instance, to pull out the slack; but it is insisted that the calculation of the engineer, at the point where he was placed, was not sufficiently correct or accurate, and that he went ahead too far, and in doing so was careless, upon which evidence of carelessness the verdict must be sustained, if at all.

We have examined the evidence very carefully, and, considering the situation as it existed at the time of the accident in all its lights, find no evidence that an extraordinary and unusual movement of the locomotive was made by the engineer, unless it is to be derived from the testimony of the plaintiff himself that there was a violent jar of the car on which he stood, by reason of which he was thrown to the ground, and the rear car moved forward two or three lengths. The terms by which the movement of this car is characterized, in connection with the fact that the plaintiff had prepared himself for a different movement than he might well have expected under his own testimony, constitutes and furnishes all upon which, under the facts, any charge of

the engineer's negligence can possibly rest, and decidedly impresses us with the view that there could be no more than a surmise that such employee failed to perform any duty which he owed to plaintiff.

It was conceded by the plaintiff, who was a brakeman of many years' experience, that the engineer, upon receiving a signal to back, if there was no slack in the train under the circumstances of this case, must first move forward, and the distance of such movement was necessarily a matter largely within his judgment, which was to be exercised in applying the power of the engine to forty cars extending along the track a distance of one thousand feet; and it does not seem possible that nice calculation of the effect of the forward movement before the reverse could be secured to the heavy train behind was easy to be made or accomplished with accurate or mathematical certainty. These undisputed facts were known to the plaintiff, who stood on his car prepared for a different movement than he should have expected. The movements of his own car are the only evidence in this case from which an inference that the engineer failed to perform his duty can be claimed, which is at best, in our opinion, under the circumstances, but a matter of mere impression, and is nothing more.

All the witnesses whose evidence could be relied upon were examined, and do not controvert the facts stated above, nor is it possible to imagine the existence of other testimony that would tend to indicate that the engineer was derelict in the performance of his duty.

We are clearly of the view that the request for a verdict for defendant should have been granted by the trial court. It is therefore directed that judgment be ordered in favor of defendant.